IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWMAN DIVISION

CASE NO: 3:18-cv-56-TCB

**DAVID POOLE**, on behalf of himself
and those similarly situated,

    Plaintiff,

v.

**MERIWETHER COUNTY, GEORGIA**

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID POOLE ("Plaintiff"), on behalf of himself and other non-exempt "Firefighters" and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, MERIWETHER COUNTY, GEORGIA ("Defendant"), and states as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former non-exempt employees of the Defendant, who elect to opt-in to this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not

receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201 and (iv) entitled to an award of attorneys' fees and costs.

## JURISDICTION

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime compensation, an additional equal amount as liquidated damages; obtain declaratory relief, and reasonable attorneys' fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court because Defendant's principal place of business is within this District.

6. Further, the acts and omissions that form the basis of the lawsuit (ie. Defendant's establishment and enforcement of its company-wide payroll policies) occurred within this District.

## PARTIES

7. At all times material hereto, Plaintiff was a resident of Columbus, Muscogee County, Georgia.

8. Further at all times material hereto, Plaintiff was employed by Defendant as a non-exempt "Firefighter" and performed related activities for Defendant in Meriwether County, Georgia.

9. At all times material hereto Defendant was, and continues to be, organized and existing under the laws of the State of Georgia. Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Georgia, with their principal place of business in Greenville, Meriwether County, Georgia.

## COVERAGE

10. At all times material hereto Plaintiff was Defendant's "employee" within the meaning of the FLSA.

11. At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of the FLSA.

12. Defendant was, and continues to be, "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

14. At all times material hereto, Defendant was, and continue to be, an

enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. At all times material hereto, the annual gross revenues of Defendant were in excess of $500,000.00 per annum.

16. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

17. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

18. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

19. Plaintiff was employed by Defendant as a non-exempt "Firefighter" responding to medical calls at the Meriwether County Fire Rescue.

20. Plaintiff worked for Defendant in this capacity from January 2011 and continuing through June 2017.

21. At all times material hereto, Plaintiff was a non-exempt "Firefighter" and was paid solely on an hourly basis for all work performed for Defendant.

22. At all times material hereto, Plaintiff worked in excess of forty (40)

hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

23. Plaintiff, and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

24. Despite the fact that Plaintiff, and those similarly situated to him, worked more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

25. Defendant have employed and continue to employ many of other individuals as non-exempt "Firefighters," paid on an hourly rate basis, who performed and continue to perform the same or similar job duties under the same pay policies as Plaintiff.

26. Defendant has violated Title 29 U.S.C. §207 from January 2011 and continuing through June 2017, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendant;

    b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those

hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c. Defendant has failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

27. Plaintiff realleges and reaver paragraphs 1 through 26 the Complaint as if fully set forth herein.

28. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

29. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

30. To date, Defendant continue to fail to pay their "Firefighters" and similarly situated employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

31. Defendant' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times

Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

32. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

33. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award for overtime compensation due under the FLSA;

d. An award of liquidated damages as a result of the Defendant's willful

   failure to pay overtime compensation pursuant to 29 U.S.C § 216;

e. An award of prejudgment and post judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated this 22nd day of May, 2018.

            Respectfully submitted,

            */s/ Andrew R. Frisch*
            ANDREW R. FRISCH, ESQ.
            GA Bar No.366105
            MORGAN & MORGAN, P.A.
            600 N. Pine Island Road, Suite 400
            T: (954) WORKERS
            F: (954) 3273013
            E-mail: AFrisch@forthepeople.com